UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Advanta-STAR Automotive Research Corporation of America | § § | CIVIL ACTION NO: 2:20-01150 |
| *Plaintiff* | § § | JUDGE SARAH S. VANCE |
| versus | § § | MAGISTRATE DANA DOUGLAS |
| DealerCMO, Inc. | § § | |
| *Defendant* | § | |

## ANSWER

Defendant DealerCMO, Inc. ("DealerCMO"), by and through the undersigned counsel, files this Answer and Affirmative Defenses in response to the Complaint (R. Doc. 2) of Plaintiff, Advanta-Star Automotive Research Corporation of America ("Advanta-Star").

All allegations of the Complaint are denied unless specifically admitted. Answering the specific and enumerated allegations of the Complaint, DealerCMO states as follows:

### PARTIES

1. DealerCMO is without information and knowledge sufficient to form a belief as to the truth of the averments in Paragraph 1 of the Complaint.

2. DealerCMO admits Paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

3. DealerCMO admits that Advanta-Star alleges copyright infringement and violations of federal rules concerning integrity of copyright information under 17 U.S.C. § 1202. DealerCMO denies that it has engaged in copyright infringement or any violations of federal rules concerning integrity of copyright information under 17 U.S.C. § 1202 and otherwise denies the allegations of Paragraph 3 of the Complaint.

4. DealerCMO denies the allegations of Paragraph 4 of the Complaint.

5. DealerCMO admits that this Court has subject matter jurisdiction of copyright infringement claims under 28 U.S.C. § 1331 and 1338 and of claims for violation of federal rules concerning integrity of copyright information under 17 U.S.C. § 1202, but denies that it has committed any wrongful acts or otherwise violated copyright laws. DealerCMO otherwise denies the allegations of Paragraph 5 of the Complaint.

6. DealerCMO admits that this Court has personal jurisdiction over DealerCMO for the purposes of the instant lawsuit. Dealer CMO denies that it has committed any wrongful act or otherwise violated copyright laws. DealerCMO otherwise denies the allegations of Paragraph 6 of the Complaint.

7. DealerCMO admits that venue is proper in this Court for the purposes of the instant lawsuit. Dealer CMO denies that it has committed any wrongful act or otherwise violated copyright laws. DealerCMO otherwise denies the allegations of Paragraph 7 of the Complaint.

GENERAL ALLEGATIONS

8. DealerCMO is without information and knowledge sufficient to form a belief as to the truth of the averments in Paragraph 8 of the Complaint.

9. DealerCMO is without information and knowledge sufficient to form a belief as to the truth of the averments in Paragraph 9 of the Complaint.

10. DealerCMO is without information and knowledge sufficient to form a belief as to the truth of the averments in Paragraph 10 of the Complaint.

11. DealerCMO is without information and knowledge sufficient to form a belief as to the truth of the averments in Paragraph 11 of the Complaint. Specifically, Advanta-Star has failed to include in the Complaint a copy of the deposit for which the alleged registrations cover

thus making it impossible to determine whether "the Content is protected by U.S. copyright, including registration numbers TX-8-760-971 and TX 8-761-015."

12. DealerCMO is without information and knowledge sufficient to form a belief as to the truth of the averments in Paragraph 12 of the Complaint. Specifically, Advanta-Star has failed to include in the Complaint a copy of the deposit for which the alleged registrations cover thus making it impossible to determine whether "the Content prominently bears Plaintiff Advanta-STAR's notices of copyright."

13. DealerCMO is without information and knowledge sufficient to form a belief as to the truth of the averments in Paragraph 13 of the Complaint.

14. DealerCMO is without information and knowledge sufficient to form a belief as to the truth of the averments in Paragraph 14 of the Complaint.

15. DealerCMO is without information and knowledge sufficient to form a belief as to the truth of the averments contained in the first sentence of Paragraph 15 of the Complaint. Specifically, DealerCMO is without knowledge of the searches, or the results thereof, performed by Advanta-Star. DealerCMO is also without information and knowledge sufficient to form a belief as to the truth of the averments contained in the second sentence of Paragraph 15 of the Complaint. Specifically, Advanta-Star has failed to include in the Complaint a copy of the deposit for which the alleged registrations cover thus making it impossible to determine whether "text and information on the Infringing Webpages contained entire paragraphs that are identical to the copyrighted content of Plaintiffs Advanta-STAR…." DealerCMO denies the allegations of the third sentence of Paragraph 15 of the Complaint.

16. DealerCMO is without information and knowledge sufficient to form a belief as to the truth of the averments in Paragraph 16 of the Complaint.

17. DealerCMO is without information and knowledge sufficient to form a belief as to the truth of the averments in Paragraph 17 of the Complaint.

18. DealerCMO admits that it received a letter from Advanta-STAR dated December 20, 2019 and that Exhibit D is the best of evidence of its contents and speaks for itself.  DealerCMO denies the allegations of Paragraph 18 to the extent the allegations mischaracterize Exhibit D.  DealerCMO denies that it never provided a substantive response to the letter and otherwise denies the remaining allegations of Paragraph 18 of the Complaint.

19. DealerCMO admits that it received a letter from Advanta-STAR dated February 18, 2020 and that Exhibit E is the best evidence of its contents and speaks for itself.  DealerCMO denies the allegations of Paragraph 19 to the extent that the allegations mischaracterize Exhibit E.  DealerCMO denies that it never provided a substantive response to the letter and otherwise denies the remaining allegations of Paragraph 19 of the Complaint.

20. DealerCMO denies the allegations of Paragraph 20 of the Complaint.

21. DealerCMO denies the allegations of Paragraph 21 of the Complaint.

22. DealerCMO admits that it has not purchased anything from Advanta-STAR and has never sought authorization to do anything from Advanta-STAR.  DealerCMO otherwise denies the allegations of Paragraph 22 of the Complaint.

23. DealerCMO denies the allegations of Paragraph 23 of the Complaint.

24. DealerCMO denies the allegations of Paragraph 24 of the Complaint.

## COUNT I

## COPYRIGHT INFRINGEMENT

25. DealerCMO incorporates and realleges its responses to paragraphs 1 through 24.

26. DealerCMO admits that Advanta-STAR has provided copyright registration numbers TX 8-760-971 and TX 8-761-015 as Exhibits B and C to the Complaint. Because Advanta-STAR has failed to include with the Complaint a copy of the materials covered by the cited registrations, DealerCMO is without information and knowledge sufficient to form a belief as to whether "Plaintiff Advanta-STAR owns valid copyrights in the Content, and has obtained copyright registrations for the Content."

27. Because Advanta-STAR has failed to include with the Complaint a copy of the materials covered by the cited registrations, DealerCMO is without information and knowledge sufficient to form a belief as to whether "Defendant had access to the Content." DealerCMO further denies the remaining allegations of Paragraph 27 of the Complaint.

28. DealerCMO denies the allegations of Paragraph 28 of the Complaint.

29. DealerCMO denies the allegations of Paragraph 29 of the Complaint.

## COUNT II

## VIOLATION OF 17 U.S.C. § 1202

30. DealerCMO incorporates and realleges its responses to paragraphs 1 through 24.

31. DealerCMO denies the allegations of Paragraph 31 of the Complaint.

32. DealerCMO denies the allegations of Paragraph 32 of the Complaint.

33. DealerCMO denies the allegations of Paragraph 33 of the Complaint.

34. DealerCMO denies the allegations of Paragraph 34 of the Complaint.

RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Answering the allegations contained in the entirety of Advanta-STAR's prayer for relief, DealerCMO denies that Advanta-STAR is entitled to any of the relief sought, or to any relief. In further answering, DealerCMO specifically denies any and all allegations contained in any misnumbered or unnumbered paragraphs, and denies all allegations not specifically admitted or otherwise answered herein.

AFFIRMATIVE DEFENSES

In further answer to Advanta-STAR's Complaint, and by way of affirmative defenses, DealerCMO states that it will reply upon the following affirmative defenses:

### A. First Affirmative Defense - Failure to State a Claim

Advanta-STAR's Complaint fails to state a claim upon which relief may be granted. Specifically, Advanta-STAR has failed to include with the Complaint a copy of the works subject to the asserted registrations thereby making it impossible to compare the allegedly registered work to the alleged instance of infringement to determine whether any copyright infringement occurred. Additionally, as to the § 1202 claim, Advanta-STAR failed to identify what information was allegedly removed or altered without authority.

### B. Second Affirmative Defense - No Infringement of Asserted Registrations

Assuming, *arguendo*, that Advanta-STAR has valid and enforceable copyrights, DealerCMO has not infringed the asserted registrations. Advanta-STAR alleges infringement of a copyright registrations covering works created in 2018 but the allegedly infringing works recite the features of 2019 car models.  Thus, there cannot be infringement of the asserted registrations.

### C. Third Affirmative Defense – Copyright Registrations Invalid - No Originality

Assuming, *arguendo*, that the asserted registrations cover descriptions of various features of vehicles, such descriptions display little or no originality.  Thus, the works do not qualify as "original works of authorship" eligible for copyright protection.

**D. Fourth Affirmative Defense – Copyright Registrations Invalid - Works are Unprotectable Scènes à Faire**

Assuming, *arguendo*, that the asserted registrations cover descriptions of various features of vehicles, such descriptions are standard, stock or common to the subject matter and are not eligible for copyright protection.

**E. Fifth Affirmative Defense – Copyright Misuse**

Advanta-STAR improperly attempts to misuse its copyright registrations for works created in 2018 against works that recite the features of 2019 car models.

**F. Sixth Affirmative Defense – No Actual Damages**

Reserving the benefit of the foregoing defenses, DealerCMO denies that Advanta-STAR has suffered any actual damages. Advanta-STAR has provided no proof of any actual damages and is not entitled to any such damages. To the extent that Advanta-STAR alleges actual damages, DealerCMO demands strict proof thereof.

**G. Seventh Affirmative Defense – No Statutory Damages**

Reserving the benefit of the foregoing defenses, DealerCMO has not infringed any valid and enforceable registered copyright of Advanta-STAR and thus Advanta-STAR is not entitled to any statutory damages.

**H. Eighth Affirmative Defense – No Injunctive Relief**

Reserving the benefit of the foregoing defenses, the works alleged to be infringing, and included as Exhibit A to the Complaint, have been removed from publication as of at least October 2019. Additionally, no such works have been published since. As such, there is no injunctive relief for this Court to award.

**I. Ninth Affirmative Defense – Damages Caused by Others**

Reserving the benefit of the foregoing defenses, DealerCMO avers, that should this Honorable Court find that Plaintiff actually suffered damages as alleged, which DealerCMO denies, then said damages were caused solely by the act, fault and/or breach of legal duty of others

for whom or for which DealerCMO may not be held responsible and for none of which may Plaintiff have recovery herein against Defendant.

DealerCMO respectfully reserve the right to amend its answer to add additional or other affirmative defenses or to add counterclaims as may become necessary after reasonable opportunity for appropriate discovery.

WHEREFORE, DealerCMO, Inc. denies that it has committed any wrongful acts, denies that it has otherwise violated copyright laws and denies that is a liable to plaintiff herein; and respectfully prays that this, its Answer, be deemed good and sufficient and that after due proceedings be had, there be judgment herein in favor of DealerCMO, Inc. and against the Plaintiff, denying Plaintiff's requested relief, dismissing its Complaint at Plaintiff's sole cost, and awarding DealerCMO, Inc. its costs and attorneys' fees incurred in this action, and such other relief as the Court may deem just and proper.

Dated: February 22, 2021

Respectfully submitted,

_____
Robert S. Stassi (La. Bar No. 25259)
Emily Gummer (La. Bar No. 33858)
Andrew J. Brien (La. Bar No. 37051)
CARVER DARDEN KORETZKY TESSIER
FINN BLOSSMAN & AREAUX LLC
1100 Poydras St., Suite 3100
New Orleans, LA 70163
Telephone: (504) 585-3800
Facsimile: (504) 585-3801
stassi@carverdarden.com
gummer@carverdarden.com
brien@carverdarden.com

Counsel for DealerCMO, Inc.

<u>Certificate of Service</u>

I certify that on February 22, 2021, I electronically filed this document with the clerk of court by using the CM/ECF system, which will send a notice of electronic filing to all parties and counsel who are Filing Users, and that service was accomplished this date on any party or counsel who is not a Filing User in accordance with the Federal Rules of Civil Procedure and the local rules.

_____

4818-6974-8701, v. 1