# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ADVANTA-STAR AUTOMOTIVE RESEARCH CORPORATION OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DealerCMO, Inc., <br><br> Defendant. | CIVIL ACTION <br><br> Case No. 20-1150 "R" (3) <br><br> Honorable Sarah S. Vance <br><br> Magistrate Dana Douglas |

## AMENDED COMPLAINT
## INJUNCTIVE RELIEF SOUGHT

Plaintiff Advanta-STAR Automotive Research Corporation of America ("Plaintiff Advanta-STAR") files this Amended Complaint against Defendants DealerCMO, Inc. ("DealerCMO") and Edward Dodd ("Mr. Dodd") (together, "Defendants"), hereby alleging as follows:

### PARTIES

1. Plaintiff Advanta-STAR is a Louisiana corporation with its registered office at 83337 Shepherd Lane, Folsom, Louisiana 70437.

2. Defendant DealerCMO, Inc. is a California corporation with its principal office located at 900 E. Hamilton Avenue, Suite 100, Campbell, California 95008. The records of the California Secretary of State indicate that Defendant may be served with process in this action through its registered agent, Thoits Law, PC at 400 Main Street, Suite 250, Los Altos, California 94022.

3. Defendant Edward Dodd is an individual and officer of DealerCMO. Upon information and belief, Mr. Dodd is a citizen and resident of the State of California, residing in San Jose, California.

## JURISDICTION AND VENUE

4. This action is for copyright infringement under 17 U.S.C. § 101 *et seq.* and violations of federal rules concerning the integrity of copyright information under 17 U.S.C. § 1202.

5. The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs.

6. This Court has subject matter jurisdiction under 17 U.S.C. § 1203(a) (integrity of copyright management information statute) and 28 U.S.C. §§ 1331 (federal question), 1338 (copyright, trademarks and unfair competition), and 1332 (diversity).

7. This Court has jurisdiction over DealerCMO as DealerCMO has committed a wrong, i.e., copyright infringement, against Advanta-Star which has caused harm to Advanta-Star in Louisiana where Advanta-Star's main office is located. In addition, Defendants provided the infringing content to at least one Louisiana business.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c), and 28 U.S.C. § 1400.

## GENERAL ALLEGATIONS

9. Plaintiff Advanta-STAR authors, publishes and sells detailed reviews and other information regarding automobiles and their features (the "Content"). Plaintiff Advanta-STAR has sold the Content in print form in the past, but now licenses the Content in digital form.

-3-

10. The Content is used by automobile dealerships to assist automobile sales people in explaining to customers the differences between various automobiles. The Content also helps dealerships enhance Search Engine Optimization (SEO) for dealership websites, and increases the "time on site" for website visitors.

11. Plaintiff Advanta-STAR provides the Content exclusively to paid, licensed subscribers.

12. The Content is protected by U.S. copyrights, including registration numbers TX 8-760-971 and TX 8-761-015, copies of which are attached as Exhibits B and C, respectively.

13. The Content prominently bears Plaintiff Advanta-STAR's notices of copyright.

14. Recently, representatives of Plaintiff Advanta-STAR conducted web searches using specific language from the Content.

15. A search for a unique string of text from the Content yielded direct hits for webpages of Hyundai of Slidell, LLC ("Hyundai of Slidell") ("Infringing Webpages"). See Exhibit A, attached.

16. The initial search and subsequent searches revealed that the Infringing Webpages contained Plaintiff Advanta-STAR's comparison for the 2019 Hyundai Santa Fe with the 2019 Kia Sorrento, the 2019 Hyundai Sonata with the 2019 Toyota Camry, and the 2019 Hyundai Tuscon with the 2019 Nissan Rogue. The text and information on the Infringing Webpages contained entire paragraphs that are identical to the copyrighted content of Plaintiff Advanta-STAR, except that the copyright notices and all identification of Plaintiff Advanta-STAR had been removed. In some instances, DealerCMO copied tables of organized data from the Content exactly, including them in the Infringing Webpages. Additional material added by DealerCMO was revised somewhat in an apparent attempt to disguise the origin of the stolen material.

17. Following discovery of the Infringing Webpages, counsel for Plaintiff Advanta-STAR sent a demand letter to Hyundai of Slidell on September 27, 2019.

18. Plaintiff Advanta-STAR was then informed by Hyundai of Slidell that DealerCMO was the one responsible for the Content that appeared on the Infringing Webpages

19. Plaintiff Advanta-STAR subsequently sent a demand letter to DealerCMO dated December 20, 2019 informing DealerCMO of its infringing activities. In this letter, Plaintiff Advanta-STAR demanded that DealerCMO provide it additional information in an attempt to reach a resolution. Plaintiff Advanta-STAR received no substantive response to its letter from DealerCMO. A copy of this letter is attached as Exhibit D.

20. Counsel for Plaintiff Advanta-STAR sent a second demand letter to DealerCMO dated February 18, 2020, and again Plaintiff Advanta-STAR received no substantive response to its letter from DealerCMO. A copy of this letter is attached as Exhibit E.

21. The domain associated with the Infringing Webpages was [www.hyundaiofslidell.com](www.hyundaiofslidell.com).

22. Mr. Dodd is the President and Chief Executive Officer of DealerCMO. Upon information and belief, Mr. Dodd had the ability to supervise the infringing activity by DealerCMO, had a financial interest in that activity, and/or personally participated in that activity.

23. Defendants have copied and are selling Plaintiff Advanta-STAR's Content, including that which appears on the Infringing Webpages, to its customers in order to make a profit.

24. Defendants did not purchase the Content appearing on the Infringing Webpage, and Plaintiff Advanta-STAR has never authorized Defendants to make any copies of any

Plaintiff Advanta-STAR materials, much less to provide it to others.

25. Defendants made the unlawful copies of the Content with full knowledge that such Content was owned by Plaintiff Advanta-STAR and subject to copyright protection.

26. Defendants also purposely removed Plaintiff-Advanta-STAR's copyright notices from the Content it copied. Accordingly, Defendants' infringement of the copyright in the Content was unquestionably willful.

## COUNT I

### COPYRIGHT INFRINGEMENT

27. Plaintiff Advanta-STAR incorporates and re-alleges paragraphs 1 through 26 as if fully set forth herein.

28. Plaintiff Advanta-STAR owns valid copyrights in the Content, and has obtained copyright registrations for the Content.

29. DealerCMO had access to the Content and has, without authorization from Plaintiff Advanta-STAR, made or had made infringing copies of the Content.

30. DealerCMO has published infringing copies of the Content online for viewing by the public at large, in total disregard of Plaintiff Advanta-STAR's rights.

31. Upon information and belief, Mr. Dodd had the ability to supervise the infringing activity, had a financial interest in that activity, and/or personally participated in that activity. Accordingly, Mr. Dodd is personally liable for the acts alleged in this Count I of the Complaint.

32. Defendants' conduct constitutes willful copyright infringement in violation of 17 U.S.C. § 501 and is irreparably harming Plaintiff Advanta-STAR.

33. Defendants are liable to Plaintiff Advanta-STAR for actual and/or statutory damages assigned from its infringement and all costs of this action, including reasonable attorneys' fees. In addition, Plaintiff Advanta-STAR is entitled to preliminary and permanent injunctive relief to prevent further harm.

## COUNT II

### VIOLATION OF 17 U.S.C. § 1202

34. Plaintiff Advanta-STAR incorporates and realleges paragraphs 1 through 26 as if fully set forth herein.

35. Before providing the illegal copies to others, DealerCMO deleted all copyright information from the Content. This copyright information included copyright notices identifying Plaintiff Advanta-STAR as the owner of the Content.

36. Pursuant to 17 U.S.C. § 1202(a) and (b), DealerCMO intentionally provided and distributed copyright management information that is false; removed copyright management information; and distributed copyright management information and copies of the Content knowing that copyright management information had been removed or altered without authority of the copyright owner or the law.

37. DealerCMO committed the above acts without the authority of Plaintiff Advanta-STAR and knowing, or having reasonable grounds to know, that its acts would induce, enable, facilitate, or conceal an infringement of Plaintiff Advanta-STAR's rights.

38. Upon information and belief, as the President and Chief Executive Officer of DealerCMO, Mr. Dodd had the ability to supervise the removal of the activity copyright notices at issue, had a financial interest in that activity, and/or personally participated in that activity.

-7-

Accordingly, Mr. Dodd is personally liable for the acts alleged in this Count II of the Complaint.

39.     Pursuant to 17 U.S.C. § 1203, Plaintiff Advanta-STAR is entitled to preliminary and permanent injunctive relief to restrain further violations of 17 U.S.C. § 1202; actual or statutory damages for each violation; the costs of this action; and the impounding, modification, and destruction of any device or product that is in the custody or control of Defendants that was involved in the violations.

**WHEREFORE, PLAINTIFF PRAYS FOR:**

A.  An order directing the immediate seizure of the infringing Content from the offices and computer systems of Defendants, and otherwise, an order that the Defendants deliver up all physical and digital copies of the infringing Content for destruction, pursuant to 17 U.S.C. §503(a) and (b).

B.  Preliminary and permanent injunctive relief barring Defendants, their agents, servants, employees and those persons in active concert or participation with Defendants from using, copying, reproducing, distributing, or making derivative works of Plaintiff Advanta-STAR's Content, pursuant to 17 U.S.C. §502.

C.  An award of either:

   i.   the profits of Defendants attributable to the infringement, pursuant to 17 U.S.C. §504(b); or

   ii.  statutory damages in an amount to be determined after final hearing, pursuant to 17 U.S.C. § 504(c)(2) and 15 U.S.C. § 1117(c)(2).

D.  An award of all remedies available under 17 U.S.C. § 1203, including, without limitation, actual or statutory damages, costs and attorneys' fees, preliminary and permanent injunctive relief, and the impoundment, modification, and destruction of the devices

involved in the violations described in this Complaint;

E. An award of the costs of this action pursuant to 17 U.S.C. §505.

F. An award of Plaintiff Advanta-STAR's reasonable attorneys' fees, pursuant to 17 U.S.C. §505.

G. Any additional relief that the Court deems just.

Dated: April 12, 2021.

    Respectfully submitted,

    KOEPPEL CLARK, LLC

    */s/ Natasha Z. Wilson*

    Peter S. Koeppel (#1465)
    Natasha Z. Wilson (#22672)
    2030 Saint Charles Avenue
    New Orleans, Louisiana 70130
    Telephone: (504) 598-1000
    Facsimile: (504)524-1024
    *psk@koeppelllc.com*
    *nwilson@koeppelllc.com*

    Stephen M. Dorvee, Esq. (pro hac vice)
    (Ga. Bar No. 226989)
    Morgan E.M. Harrison Esq. (pro hac vice)
    (Ga. Bar No. 470983)
    ARNALL GOLDEN GREGORY LLP
    171 17th Street, N.W., Suite 2100
    Atlanta, Georgia 30363
    Telephone: (404) 873-8500
    Facsimile: (404) 873-8501
    *stephen.dorvee@agg.com*
    *morgan.harrison@agg.com*

    *Attorneys for Plaintiff*