UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Advanta-STAR Automotive Research Corporation of America *Plaintiff* | § § § § | CIVIL ACTION NO: 2:20-01150 JUDGE SARAH S. VANCE |
| versus | § § | MAGISTRATE DANA DOUGLAS |
| DealerCMO, Inc. and Edward Dodd *Defendants* | § § § § | |

**Defendants' Memorandum in Support of Their
Motion for Summary Judgment and Request for Attorneys' Fees**

MAY IT PLEASE THE COURT:

Defendants, DealerCMO, Inc. ("DealerCMO") and Edward Dodd, pursuant to Federal Rule of Civil Procedure 56, have moved this Court for summary judgment dismissal of the claims against them by Plaintiff Advanta-Star Automotive Research Corporation of America ("Advanta-Star"), for the following reasons.

### I.    INTRODUCTION

Advantage-Star improperly registered for copyright protection an enormous database of factual recitations of the characteristics of vehicles in the marketplace. Then, pursuant to its systematic business strategy to try to get new customers, Advanta-Star made extortive demands upon various third parties, including Defendants, falsely alleging copyright violations. Refusing to pay a wrongfully demanded "subscription fee" and instead challenging Advanta-Star's threat of enduring attorney's fees to demonstrate the lack of merit to the claims, Defendants here address Advanta-Star's claims on their merits.

Copyright rights are to protect original works of authorship and do not protect facts or ideas. As shown below, there is no genuine issue as to any material fact that Advanta-Star's

vehicle comparisons are not original and not copyrightable for several, alternative, reasons, including because the allegedly copyrighted material: (i) merely comprised a factual recitation of vehicle features, and/or (ii) are unprotectable ideas or "scenes a faire." Alternatively, the similarities between DealerCMO's alleged three comparisons to Advanta-Star's "copyrighted" database of hundreds of thousands of factual statements of car comparisons are so insignificant that, as a matter of law, they do not rise to the level of infringement. Accordingly, for the following reasons, Defendants are entitled to summary judgment as a matter of law.

## II.     SUMMARY JUDGMENT STANDARD

Under Fed. R. Civ. P. 56, "Summary judgment is appropriate if the record discloses that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Quintanilla v. Texas Television Inc.*, 139 F.3d 494, 496 (5th Cir. 1998) (aff'g summary judgment in music-video copyright infringement case). Under modern summary judgment practice there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for the fact-finder at trial to return a verdict for that party. *Id.* If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.*

## III.    PLAINTIFF'S ALLEGATIONS

Plaintiff initiated this matter by filing its original Complaint. R. Doc. 2. Subsequently, Plaintiff amended its Complaint by restating it to make the following material allegations:

- That Plaintiff authors, publishes and sells detailed reviews and other information regarding automobiles and their features (the "Content"). R. Doc. 53, at ¶9.

- That the Content is allegedly protected by "valid" U.S. copyrights owned by Plaintiff, including registration numbers TX 8-760-971 and TX 8-761-015, copies of which are made a part of the Complaint as Exhibit B (R. Doc. 53-2) and Exhibit C (R. Doc. 53-2). R. Doc. 53, at ¶12 and ¶28.

- That the Content bears Plaintiff's notices of copyright. R. Doc. 53, at ¶13.

- That Plaintiff licenses the Content in digital form exclusively to paid, licensed subscribers. R. Doc. 53, at ¶9 and ¶11.

- That the webpages of Hyundai of Slidell, LLC, a copy of which were made a part of the Complaint as Exhibit A (R. Doc. 53-1), allegedly infringed on the allegedly copyrighted Content with regard to three (3) vehicle comparisons[1] ("Allegedly Infringing Content"). R. Doc. 53, at ¶¶15-16.

- That DealerCMO was the one responsible for creating and published online the Allegedly Infringing Content found on the website of its customer, Hyundai of Slidell, LLC. R. Doc. 53, at ¶¶18, 23-26, 30.

- That, for "Count I," Defendants' conduct allegedly constituted willful copyright infringement in violation of 17 U.S.C. § 501 and is irreparably harming Plaintiff Advanta-STAR, making Defendants liable for damages, costs and attorney's fees (pursuant to 17 U.S.C. §505) and an injunction (pursuant to 17 U.S.C. §502). Doc. 53, at ¶¶32-33, and prayer.

- That, for "Count II," Plaintiff alleges Defendants violated 17 U.S.C. § 1202(a) of the Digital Millennium Copyright Act by knowingly providing copyright management information that was false, or distributing without Plaintiff's permission copyright management information that was false with any copyrighted information deleted, and that Plaintiff is therefore entitled to preliminary and permanent injunctive relief to restrain further violations, as well as recovery of damages and costs. Doc. 53, at ¶¶35-33, 39, and prayer.

- That Mr. Dodd, as an officer and director of DealerCMO, shares in the company's alleged liability on all counts because Mr. Dodd allegedly had the ability to supervise the allegedly infringing activity, had a financial interest in the activity and/or personally participated in that activity. R. Doc. 53, at ¶¶3, 22, 31 and 38.

This action is scheduled for a bench trial commencing on January 31, 2022. R. Doc. 47.

**IV.   COPYRIGHT INFRINGEMENT STANDARDS**

To establish copyright infringement, the Plaintiff bears the burden of proving two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991);

---

[1] *Accord*, accompanying statement of the material facts ("S.O.F.") which the moving party contends present no genuine issue, at ¶¶ 8-15, a copy of which statement in its entirety is adopted by reference.

*Louisiana Contractors Licensing Service, Inc. v. American Contractors Exam Services, Inc*., 13 F.Supp.3d 547, 552 (M.D. La. 2014) aff'd, 594 F. App'x 243 (5th Cir. 2015).[2]

The mere fact, however, that the U.S. Copyright Offices issued copyright registrations to Advanta-Star does not conclusively establish that Advanta-Star's database is copyrightable or that the content is original. *Norma Ribbon & Trimming Inc. v. Little*, 51 F.3d 45, 34 U.S.P.Q.2d 1603, 1604 (5th Cir. 1995); *Estate of Burne Hogarth v. Edgar Rice Burroughs, Inc.*, 342 F.3d 149 (2d Cir. 2003)(certificate creates no irrebuttable presumption; extending a presumption of validity to a certificate of copyright merely orders the burdens of proof; "where other evidence in the record casts doubt on the question, validity will not be assumed."). A copyright registration is only "prima facie evidence of the validity of the copyright and the facts stated in the certificate." 17 U.S.C. § 410(c); *see also S.O.S., Inc. v. Payday, Inc*., 886 F.2d 1081, 1085 (9th Cir.1989). An alleged offender disputing a claimed valid copyright may rebut the validity of the copyright certificate. *S.O.S*., 886 F.2d at 1085–86 (explaining that section 410(c)'s presumption shifts the burden of coming forward with evidence to the defendant).

V.  **ADVANTA-STAR'S VEHICLE COMPARISONS ARE NOT ORIGINAL AND NOT COPYRIGHTABLE**

As demonstrated below, the specific Content which Advanta-Star alleges is infringed by DealerCMO comprises only factual statements, ideas and/or scenes a faire, none of which are original and therefore none are copyrightable.

  A.  **Advanta-Star's Content Comparisons Comprise Factual Statements**

It is well established that facts are not copyrightable. *Feist Publications, Inc*., 499 U.S. at 344 citing *Harper & Row, Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 556 (1985) ("No

---

[2] The instant Motion for Summary Judgment addresses the essential element of "copying of constitutent elements of the work that are <u>original</u>" of Advanta-Star's causes of action and DealerCMO's de minimus affirmative defense. Defendants reserve the right to dispute the other elements of Advanta-Star's causes of action and to assert Defendants' other affirmative defenses at trial or via other affirmative relief mechanisms.

author may copyright his ideas or the facts he narrates."). Further, "the mere fact that a work is copyrighted does not mean that every element of the work may be protected." *Id*. at 348. "Originality remains the sine qua non of copyright; accordingly, copyright protection may extend only to those components of a work that are original to the author." *Id*.

Each and every phrase or sentence contained in DealerCMO's three comparisons, which Advanta-Star alleges were copied from Advanta-Star, are mere recitations of facts – specifically, identification of the various features of the car models. As shown below, the allegedly infringing language comprises no creative descriptions. Because Advanta-Star cannot have copyright rights in mere facts, there can be no way for DealerCMO to infringe.

Specifically, regarding the accused comparison of the 2019 Hyundai Tucson and 2019 Nissan Rogue, the following content alleged by Advanta-Star to infringe is all factual:

- "the Tucson has 1.9 gallons more than the Rouge"
- "it has more fuel capacity for longer range between fill-ups"
- "Tucson brake rotors are larger than those on the Rouge"
- "the Tuscon stops shorter than the Rouge"
- "Tucson comes with a full 5-year/60,000 mile basic warranty, which covers the entire"
- "and includes 24-hour roadside assistance."
- "The Rogue's 3-year/36,0000 mile basic warranty expires 2 years and 24,000 miles sooner."
- "Hyundai powertrain warranty covers the Tucson 5 years and 40,000 miles longer than the Nissan Rogue."
- "Any repair needed on the engine, trans-mission, axles, joints or driveshafts is fully covered for 10 years or 100,000 miles. The Nissan Rogue coverage ends after only 5

years or 60,000 miles."

- "The Hyundai Tucson corrosion warranty is 2 years longer than the Nissan Rouge (7 years vs 5 years)."

*See* S.O.F ¶11.

Also, regarding the accused comparison of the 2019 Hyundai Sonata and 2019 Toyota Camry, the following content alleged by Advanta-Star to infringe is all factual:

- Sonata comes with a full 5-year/60,000 mile basic warranty, which covers the entire car and includes 24-hour road assistance.

- The Toyota Camry 3-year/36,0000 mile basic warranty expires 2 years and 24,000 miles sooner.

- Hyundai's power train warranty covers the Sonata 5 years and 40,000 miles longer than the Toyota covers the Camry.

- Any repair needed on the engine, trans-mission, axles, joints or driveshafts fully covered for 10 years or 100,000 miles.

- The Toyota Camry coverage ends after only 5 years or 60,000 miles.

- Sonata corrosion warranty is 2 years longer than the Toyota Camry (7 years vs 5 years).

*See* S.O.F ¶13.

Finally, regarding the accused comparison of the 2019 Hyundai Santa Fe and 2019 Kia Sorrento, the following content alleged by Advanta-Star to infringe is all factual:

- the Santa Fe has a standard Rear Cross-Traffic Collision Avoidance Assist that uses rear sensors to monitor and automatically apply the brakes to prevent a rear collision.

- The 2019 Santa Fe and 2019 Sorento both have child safety locks to prevent children from opening the rear doors.

- power child safety locks,
- allow the driver to activate and deactivate them from the drivers seat and
- to know when the locks are engaged.
- Santa Fe SEL/Limited/Ultimate comes equipped with Blue Link, which uses a global positioning satellite (GPS) receiver and a cellular system to remotely unlock your doors if you lock your keys in, help track down your vehicle if it's stolen or send emergency personnel to the scene if any airbags deploy.
- Hyundai's standard heads-up display
- projects speed and other key instrumentation readouts in front of your line of sight, allowing
- to view information without diverting your eyes from the road Although
- The Santa Fe 2.0T's standard 2.0 turbo 4 cyl. pro-duces 8 lbs.-ft. more torque than the Sorento's optional 3.3 DOHC V6.
- On the EPA test cycle the Santa Fe AWD with its standard engine gets better highway fuel mileage than the Sorento AWD 4 cyl.

  | 2019 Hyundai Santa Fe | 2019 Kia Sorento |
  |---|---|
  | 260 lb-ft | 252 lb-ft |
  | 21 city / 27 hwy | 21 city / 26 hwy |

- 
- Santa Fe comes with a full 5-year/60,000 mile basic warranty, which covers the entire
- Hyundai's power train warranty
- covers any repair needed on the engine, transmission, axles, joints or driveshafts for 10 years or 100,000 miles

- The Hyundai Santa Fe corrosion warranty is 2 years longer than the Kia Sorento (7 years vs 5 years).

*See* S.O.F ¶15.

These vehicle features (*e.g.*, warranty length, warranty coverage, fuel mileage, etc.) are objective facts that exist without Advanta-Star's efforts. *See Feist*, 499 U.S. at 346-47 ("This is because facts do not owe their origin to an act of authorship. The distinction is one between creation and discovery: The first person to find and report a particular fact has not created the fact; he or she has merely discovered its existence."). These vehicle features were merely identified, and not even by Advanta-Star. *See* S.O.F. ¶¶ 3 & 16. Advanta-Star's corporate representative and President, Withan Lemmon, testified that the vehicle specifications were taken from other sources--such as from the manufacturer's website. *See* S.O.F ¶ 3. Then, Advanta-Star simply copied those specifications into Advanta-Star's database. *Id*. The part of this Content which Advanta-Star alleges Defendants then copied contains no subjective or intellectual expression; only objective facts that were taken from other sources. *Id*.

As analogized in *Feist*, census workers do not "create" the population statistics that are gathered from their work. *Feist*, 499 U.S. at 347. "[I]n a sense, they copy these figures from the world around them." *Id*. As a result, census data is not "original" in the constitutional sense. *Id*. For these same reasons, the Allegedly Infringing Content is not original, not copyrightable, and therefore it is impossible for DealerCMO to have infringed.

### B. The "Idea" of Comparing Two Vehicles is Not Afforded Copyright Protection

Not only are facts not copyrightable, neither are ideas themselves. "It is an axiom of copyright law that the protection granted to a copyrightable work extends only to the particular expression of an idea and never to the idea itself." *Landsberg v. Scrabble Crossword Game*

*Players, Inc.*, 736 F.2d 485, 488 (9th Cir. 1984), cert. denied, 469 U.S. 1037 (1984); *Mihalek Corp. v. State of Mich.*, 814 F.2d 290, 294 (6th Cir. 1987), modified, 821 F.2d 327, cert. denied, 484 U.S. 986 (1987); *Reyher v. Children's Television Workshop*, 533 F.2d 87, 90 (2d Cir. 1976), cert. denied, 429 U.S. 980 (1976). "Unlike a patent, a copyright gives no exclusive right to the art disclosed, protection is given only to the expression of the idea - not the idea itself." *Mazer v. Stein*, 347 U.S. 201, 217 (1954). For example, an artist cannot obtain exclusive rights to the idea of painting two cardinals on the branches of an apple tree. *See Franklin Mint Corp. v. National Wildlife Art Exch.,Inc*., 575 F.2d 62 (3d Cir. 1978), cert. denied, 439 U.S. 880 (1978).

Thus, to the extent that Advanta-Star argues that it has a monopoly, via its copyright registrations, over the idea of comparing two vehicles, such argument also fails. "The codification of the distinction between idea and expression evinces congressional intent to strike a balance between the competing societal interests of rewarding an individual's creativity and effort while at the same time permitting the nation to enjoy the benefits and progress from the use of the same subject matter." *Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp*., 562 F.2d 1157, 1162 (9th Cir. 1977)).

Advanta-Star's comparisons of two vehicles are simply a business idea, method or system on how to sell automobiles to customers. Such business ideas cannot be copyrighted. 17 U.S.C. § 102(b); *Baker v. Selden*, 101 U.S. 99, 25 L. Ed. 841 (1880); *Norton Printing Co. v Augustana Hospital*, 155 U.S.P.Q. 133, 1967 WL 7487, *1 (N.D. Ill. 1967) (holding a system or means of doing business or of accomplishing certain result is generally not copyrightable).

### C. Alternatively, the Content's Comparison Language Is Unprotectable *Scenes A Faire*

Neither are "scenes a faire" copyrightable. The "scenes a faire" doctrine evolved from same concerns over the inability to protect ideas. "Scenes a faire" are expressions that are standard,

stock or common to a particular subject matter or are dictated by external factors. *Eng'g Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1344 (5th Cir. 1994); *Apple Computer, Inc. v. Microsoft Corp.*, 799 F.Supp. 1006, 1021 (N.D.Cal.1992), aff'd, 35 F.3d 1435 (9th Cir. 1994) (Under scenes a faire, when certain expressions are "as a practical matter indispensible, or at least standard, in the treatment of a given idea, they are treated like ideas and therefore not protected by copyright.").

Advanta-Star's argument that its Content comparison of two vehicle features – e.g., "The Hyundai Santa Fe corrosion warranty is 2 years longer than the Kia Sorento (7 years vs 5 years") – is copyrightable fails because such language is unprotectable scenes a faire. Thus, Advanta-Star cannot prove the essential second element of copyright infringement --that DealerCMO copied any "original" work of Advanta-Star.

In *DeBitetto v. Alphas Books*, the district court compared two competing dog-care books where both contained "undeniably similar" discussions of certain topics (for example, descriptions of the way in which mange burrow into a dog's skin and the problems they can cause) and properly found no infringement because "the inclusion and presentation of such facts naturally result[ed] from the choice of subject matter". *DeBitetto v. Alpha Books*, 7 F. Supp. 2d 330, 334 (S.D.N.Y. 1998). In the instant case, language comparing two vehicle features is similar scenes a faire as it naturally results from the specific vehicle make and model subject matter. In other words, in comparing two items, it will always be necessary to relate them to each other by stating one is "longer" or "more" than the other. Advanta-Star cannot claim exclusive rights to these scenes a faire. Thus, for this additional reason, the allegedly infringing content is not copyrightable and therefore it is impossible for DealerCMO to have infringed as alleged.

## VI. ALTERNATIVELY, ANY SIMILARITIES BETWEEN DEALERCMO'S COMPARISONS AND ADVANTA-STAR'S COMPARISONS ARE DE MINIMUMS AND NOT ACTIONABLE INFRINGEMENT

Furthermore, even if this Court finds that the Content alleged to be infringed is "original" (which it should not), the similarities between DealerCMO's only three (3) comparisons[3] to Advanta-Star's copyrighted database of hundreds of thousands of comparisons are so insignificant that it simply cannot rise to the level of infringement. "The de minimis doctrine provides that if unauthorized copying is sufficiently trivial, 'the law will not impose legal consequences.'" *Louisiana Contractors Licensing Serv., Inc.*, 13 F. Supp. 3d at 552 (internal citations omitted). "For an unauthorized use of a copyrighted work to be actionable, the use must be significant enough to constitute infringement." *Id*. citing *Newton v. Diamond*, 388 F.3d 1189, 1192–93 (9th Cir. 2004). "To establish that an infringement is quantitatively de minimis and therefore not actionable, the alleged infringer must demonstrate that the copying of the protected material is so trivial 'as to fall below the quantitative threshold of substantial similarity.'" *Parker v. Dufresne*, 781 F. Supp. 2d 379, 383–84 (W.D. La. 2011). "The principle that trivial copying does not constitute actionable infringement has long been a part of copyright law." *Newton*, 388 F.3d at 1193.

Advanta-Star testified that each of '971 and '015 Registrations are immensely large, comprising four thousand lines of text, with lines containing over a million characters within each line and including hundreds of thousands of vehicle comparisons. *See* S.O.F ¶ 5-7. The SQL files containing the Registrations in a database are each at least 4.5 gigabytes (or 4.5 billion bytes) in size. *See* S.O.F ¶ 6 (for reference purposes, the instant Memorandum in Support is approximately only 7,000 bytes in size). In contrast, the content that Advanta-Star alleges was copied by

---

[3] R. Doc 53, at ¶¶ 15-16; *accord*, S.O.F., at ¶¶ 8-15.

DealerCMO is a mere three comparisons having 504 words comprising 2,981 characters (including spaces) in total. R. Doc 53, at ¶¶15-16; *accord*, S.O.F., at ¶¶8-15. Thus, making the very conservative calculation (since it is impossible to count the exact number of words and characters in the '971 and '015 Registrations to their size) that each registration comprises 1 billion characters (at least 1000 lines having at least 1 million characters each), the Allegedly Infringing Content (2,981 characters) comprises only 0.0002981% of the registered content. *See* S.O.F ¶ 5-7.

As a matter of law, this de minimus amount cannot rise to the level of copyright infringement. *See Video-Cinema Films, Inc. v. CNN, Inc.*, 2001 WL 1518264, *7-8 (S.D.N.Y. 2001) (copying less than 1% or 6-22 seconds of an 108 minute-long film is de minimus and not actionable copyright infringement); *Consumers Union of the United States, Inc. v. General Signal Corp.*, 724 F.2d 1044, 1050 (2d Cir. 1983) (copying 29 words out of 2100 constituted an insubstantial use); *Werlin v. Reader's Digest Association*, 528 F. Supp. 451 (S.D.N.Y. 1981) (copying two sentences held de minimus); *Rokeach v. Avco Embassy Pictures Corp.*, 197 U.S.P.Q. 155 (S.D.N.Y. 1981) (copying 100 words out of a total of 70,000 held de minimus).

As further evidence of the de minimus copying, Advanta-Star's designated corporate representative, Withan Lemmon, testified at length regarding the numerous differences between Advanta-Star's and DealerCMO's comparisons and regarding how much of DealerCMO's comparisons were not actually copied from Advanta-Star's. *See* S.O.F ¶¶ 10, 12 and 14.

Thus, Advanta-Star cannot sustain its claim of copyright infringement as a matter of law due to the de minimus nature of any copying by Defendants.

**VII.   NO VIOLATION OF SECTION 1202 OF THE DIGITAL MILLENNIUM COPYRIGHT ACT**

In addition to Advanta-Star's copyright infringement allegations, it also alleges in Count Two of its Amended Complaint that the Defendants violated Section 1202(A) & (B) of the Digital

Millennium Copyright Act ("DMCA") by allegedly improperly removing Advanta-Star's copyright management information when it published its own comparisons.

However, because Advanta-Star has no copyright rights in the content alleged to be copied by DealerCMO, there can be no violation of Section 1202(A). If summary judgment is granted on the basis that content is not original and/or not copyrightable, then Count II should therefore be dismissed as well.

Furthermore, the allegedly infringing comparisons are not copies of Advanta-Star's comparisons. The DMCA prohibits the distribution only of an "original" or "copy of a work" with removed, altered, or false copyright management information. 17 U.S.C. § 1202, *et seq*. The preparation of a comparison based on another's work is not the same as removal of copyright management information from a copy or original and thus is not actionable. *See Design Basics, LLC v. WK Olson Architects, Inc*., 2019 WL 527535, *5 (N.D. Ill. Feb. 2, 2019) ("Here, Plaintiffs do not allege WK Olson directly reproduced their plans without CMI. Instead, they contend that WK Olson copied aspects of its original works, with WK Olson's plans appearing "virtually identical" to those of Plaintiffs. '[B]asing a drawing on another's work is not the same as removing copyright management information'" however."); *Frost-Tsuji Architects v. Highway Inn, Inc*., 2014 WL 5798282, *5, 7 (D. Haw. Nov. 7, 2014) ("To the extent Frost–Tsuji is arguing that Kadowaki created "shop drawings" based on Frost–Tsuji's work and left out Frost–Tsuji's copyright management information in the process, no actionable removal of copyright management information is involved, as basing a drawing on another's work is not the same as removing copyright management information."); *Faulkner Press, L.L.C. v. Class Notes, L.L.C*., 756 F. Supp. 2d 1352, 1359 (N.D. Fla. 2010) ("[I]nformation from Dr. Moulton's courses was allegedly copied into a different form and then incorporated into the note packages. No copyright

management information was removed from Dr. Moulton's product or original work."). Based on Plaintiff's own allegations, Advanta-Star's Count II DMCA claims, fail as a matter of law.

## VIII. THE COURT SHOULD AWARD DEFENDANTS PREVAILING PARTY ATTORNEYS FEES

The Court should award the Defendants their attorney fees pursuant to 17 U.S.C. § 505. Section 505 permits courts, in their discretion, to award reasonable attorneys' fees to the prevailing party. 17 U.S.C. § 505 (2006); *Fogerty v. Fantasy, Inc*., 510 U.S. 517, 535, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). A "prevailing party" is "one who has 'prevailed on the merits of at least some claims," *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res*., 532 U.S. 598, 603 (2001), no matter whether the plaintiff or the defendant prevailed. *See Fogerty*, 510 U.S. at 535. "Although attorney's fees are awarded in the trial court's discretion [in copyright cases], they are the rule rather than the exception and should be awarded routinely." *Micromanipulator Co. v. Bough*, 779 F.2d 255, 259 (5th Cir. 1985) citing *Engel v. Teleprompter Corp.*, 732 F.2d 1238, 1241 (5th Cir. 1984); *CJC Holdings, Inc. v. Wright & Lato, Inc*., 979 F.2d 60 (5th Cir. 1992).

In exercising this discretion, courts must make a "particularized, case-by-case assessment" and "may not treat prevailing plaintiffs and prevailing defendants any differently." *Batiste v. Lewis*, 976 F.3d 493, 507–08 (5th Cir. 2020). The district court has discretion to award fees "to deter overaggressive assertions of copyright claims. *Id*. (*citing Kirtsaeng v. John Wiley & Sons, Inc*., 136 S. Ct. at 1989 (2016)).

## IX.   CONCLUSION

As detailed above, the specific Content that Advanta-Star alleges DealerCMO has infringed is merely factual information, unprotectable ideas, or scenes a faire that is not original, creative work created by Advanta-Star. Thus, Advanta-Star cannot prove the essential second element of copyright infringement - that DealerCMO copied any "original" work of Advanta-Star.

As an alternative reason why Advanta-Star cannot meet its burden to succeed on its copyright infringement claim as a matter of law, the similarities between DealerCMO's three comparisons to Advanta-Star's copyrighted database of hundreds of thousands of comparisons are so insignificant that they do not rise to the level of infringement.

WHEREFORE, Defendants respectfully request this Court enter summary judgment in their favor on all Counts, dismiss this action in its entirety with prejudice and award attorneys fees to Defendants.

Respectfully submitted,

_/s/ Robert S. Stassi_
Robert S. Stassi (La. Bar No. 25259)
Emily Gummer (La. Bar No. 33858)
CARVER DARDEN KORETZKY TESSIER
FINN BLOSSMAN & AREAUX LLC
1100 Poydras St., Suite 3100
New Orleans, LA 70163
Telephone: (504) 585-3800
Facsimile: (504) 585-3801
stassi@carverdarden.com
gummer@carverdarden.com

Counsel for DealerCMO, Inc.
and Edward Dodd

Certificate of Service

I hereby certify that, on this 30th day of November, 2021, I electronically filed the above and foregoing Motion with the clerk of court by using the CM/ECF system, which will send a notice of electronic filing to all parties and counsel who are Filing Users, and that service was accomplished this date on any party or counsel who is not a Filing User in accordance with the Federal Rules of Civil Procedure and the local rules.

_/s/ Robert S. Stassi_