UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Advanta-Star Automotive Research | § | Civil Action No. 2:20-01150 |
| Corporation of America, | § | |
| *Plaintiff* | § | Section "R" – Division "3" |
| v. | § | |
| DealerCMO, Inc., et al. | § | **Nonjury Trial[1]** |
| *Defendants* | § | |

## Reply Memorandum in Support of Defendants' Motion for Summary Judgment

Defendants, DealerCMO, Inc. ("DealerCMO") and Edward Dodd, submit this reply memorandum in further support of their motion for summary judgment (R. Doc. 70). Upon considering Plaintiff's memorandum in opposition (R. Doc. 81) ("Opposition"), summary judgment should be granted as prayed pursuant to Federal Rule of Civil Procedure 56.

Plaintiff recites[2] an extensive factual background, most or all of which recitation is conclusory and self-serving, and almost all of which facts are immaterial to the instant motion. None create a genuine disputed issue of fact for trial. Plaintiff's "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to . . . defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

### I.    The Allegedly Infringing Content is Not Copyrightable

### A.  Facts are Not Copyrightable

Plaintiff admits, or does not dispute, that the vehicle specifications in the three comparisons at issue were mostly taken from other sources – such as from the manufacturer's website and simply copied those specifications into Plaintiff's database. *See* Plaintiff's response to S.O.F ¶ 3

---

[1] Despite the indicator in the caption of Plaintiff's filings, the parties have stipulated to a nonjury trial and this action is scheduled for a trial by the Court commencing on January 31, 2022. R. Doc. 47.
[2] Opposition, R. Doc. 81, pgs. 1-6.

(R. Doc. 81-1, pps. 2-3); *accord*, S.O.F ¶ 3; *also*, Plaintiff's response to S.O.F ¶ 16 (R. Doc. 81-1, pg.12). Plaintiff admits that, "like clockwork" every two months, it applies for "copyright deposits [that are] are immensely large, comprising many lines of text for the countless vehicle comparisons it has authored over the years."[3] Plaintiff describes the enormous content it continuously gathers from third parties, and for which it applies every other month for copyright registration, as a "data base."[4]

Citing *Feist Publications, Inc*., 499 U.S. 340, 344 (1991), Plaintiff admits that facts are not copyrightable.[5]  Plaintiff argues that, with regard to its immensely large database registration, that the vehicle comparisons contained therein comprise the bare minimum degree of creativity, making it copyrightable.[6]  *Feist,* however, also recognized that, "the mere fact that a work is copyrighted does not mean that <u>every</u> element of the work may be protected." *Id*. at 348 (emphasis added).  "Originality remains the sine qua non of copyright; accordingly, copyright protection may extend <u>only to those components of a work that are original</u> to the author."  *Id*. (emphasis added).

Defendants' summary judgment evidence disproves Plaintiff's assertion that it sufficiently clothed its database of facts with a creative process sufficient to make the facts copyrightable. Moreover, the Court should note that Plaintiff only alleges that Defendants borrowed bits and pieces of three specific comparisons. Ex. B-2 to R. Doc. 70-12, pps. 5-10; Plaintiff's response to S.O.F ¶ 9 (R. Doc. 81-1, pps. 6-7); *accord*, S.O.F ¶ 9; *also*, Opposition at pg. 6 ("Copies of these Infringing Comparisons are attached as Exs. A, B and C to [R. Doc. 81-2]. These have been highlighted in blue to show language (allegedly) taken from Advanta-STAR."). A review of the allegedly copied portions (highlighted at Ex. B-2 to R. Doc. 70-12, pps. 5-10 and/or R. Doc. 81-2

---

[3] Opposition, p. 2; *accord*, p. 13.
[4] Opposition, p. 5.
[5] Opposition, p. 8.
[6] Opposition, pgs. 8-9.

Exs. A, B and C) demonstrates that the parts at issue constitute only recitations of facts – i.e., various features of the cars.

Plaintiff alleges that, in bringing a minimum amount of creativity[7] to the immensely large database, its process included the use of photography[8] and the use of "persuasive comparisons" (e.g., "smoother ride"; "handles more stably").[9]  Plaintiff, however, did not specifically allege in its action, nor show in its Opposition, where any such photographs or creative parts were allegedly duplicated.  As a matter of law, any copyright protection only extends to those components of the work that are original and copyrightable.  A review of the allegedly copied portions[10] demonstrates that those parts at issue do not include anything more than facts.

These vehicle features (e.g., warranty length, warranty coverage, fuel mileage, etc.) are objective facts that exist without Plaintiff's efforts.  *See Feist*, 499 U.S. at 346-47.  Plaintiff did not "create" the facts it alleged were replicated.   Therefore, the content alleged to be infringed by Defendants is not original, not copyrightable, and therefore it is impossible for Defendants to have infringed.

### B.  Cases Cited by Plaintiff Do Not Support a Denial of Summary Judgment

In *Schurr v. Molacek*, the Eastern District of Louisiana considered a copyright infringement case wherein the plaintiffs alleged infringement of their marine maps.  *Schurr v. Molacek*, 2016 WL 6680287 (E.D. La. 2016).  Notably, in that case the asserted copyright registrations were for "derivative works" in which "Plaintiff concede[d] that their maps are 'derivative' works, meaning that they are 'based upon one or more preexisting works'" and "[t]he copyright in a … derivative

---

[7] Opposition, p 8-9.
[8] Opposition, p 4.
[9] Opposition, p 4.
[10] Plaintiff highlighted in yellow the specific allegedly infringing words at Ex. B-2 to R. Doc. 70-12, pgs. 5-10. Later, Plaintiff highlighted in blue the specific allegedly infringing words at Exs. A, B and C to R. Doc. 81-2.

work extends only to the material contributed by the author of such work as distinguished from the preexisting material employed in the work." *Id*. at *7.  Defendant moved for summary judgment alleging, *inter alia*, that there was no substantial similarity between defendant's accused map and the protectable elements of plaintiff's map.  The court granted summary judgment in favor of defendant explaining that:

> Plaintiffs do not discuss which protected elements in [defendant]'s maps share any similarity with elements in Legend's maps. Instead, Plaintiffs argue only that [defendant]'s map compared to Legend's evokes the same look and feel from the user." However, Plaintiffs do not articulate what that "look and feel" might be.

*Id*.  Similarly, in the instant case, and as discussed in detail in Subsection C, *infra*, it has been recently discovered that Plaintiff has not identified the protectable elements in the '971 and '015 registrations upon which this action is based.[11]  Thus, for the same reasons the *Schurr* court granted summary judgment in favor of defendants, this Court should also dismiss Plaintiff's copyright infringement claims in this action with prejudice.

The court in *Southern Credentialing Support Services, LLC v. Hammond Surgical Hospital* emphasized that "[f]acts are not original, so they are not eligible for protection." 946 F.3d 780, 783 (5th Cir. 2020).  There, the Fifth Circuit considered whether the contents of a hospital credentialing form exhibited a sufficient amount of creativity to warrant copyright protection and found that the "distinctive arrangement" of information in the form was protectable and infringed. In contrast to the *Southern Credentialing* case, even if, *arguendo*, Plaintiff has a protectable copyright in the arrangement of the information, Plaintiff does not assert that Defendants copied that arrangement.  A review of the highlighted parts of the allegedly infringing comparisons demonstrates <u>no duplication</u> of any arrangements. Notably, none of Defendants' headings – which

---

[11] The reason is because Plaintiff alleged, <u>for the first time in its Opposition</u>, that there are portions of the content at issue which are not protected by the '971 and '015 registrations upon which Plaintiff has based its action

define the "arrangement" of the facts contained in the comparisons – are highlighted[12] by Plaintiff as allegedly infringing.[13]

Plaintiff also cites the *Robinson v. Cardiology Associates, LLC* case, which is distinguishable from the instant case because in *Robinson* the court found a "minimal degree of creativity" where the author of debt collection letters selected certain language meant "to be sympathetic, unoffending, cooperative and non-threatening."  2008 WL 294488, *7 (W.D. La. 2008).  In contrast to the verbosity of the subjective language of *Robinson*, the language allegedly copied by Defendants here is not original and not creative.  For example, Plaintiff alleges, incredibly, that the phrases "The National Highway Traffic Safety Administration," "crash test," "Tucson" <u>and even singular use of the word "the"</u> in its 2019 Sonata/Camry comparison are copyrightable and infringed.  R. Doc. 81-2, pg. 23.

### C.  The Allegedly Copied Portions of Plaintiff's Three Asserted Comparisons are Not Protected by the Asserted '971 and '015 Registrations

The instant action is for alleged infringement of the '971 and '015 registrations. In its Opposition, Plaintiff asserts, **<u>for the very first time</u>**, that there are undefined portions of Advanta-Star's three asserted car comparisons which were disclaimed in, and thus <u>not</u> protected by, the '971 and '015 registrations.  *Compare* Opposition R. Doc. 81, pg. 13 ("Moreover, when Advanta-Star registers its works every two months, its registrations explicitly *exclude* any previously registered and previously published materials, including any text and images.") *with* Amended Complaint R. Doc. 53, ¶ 20 ("The Content is protected by U.S. copyrights, including registration

---

[12] R. Doc. 70-12 pages 5-10; R. Doc. 81-2, Exs. A, B & C.
[13] For example, in Plaintiff's Sonata/Camry comparison, it arranges the information of its comparisons in the following order: Safety, Warranty, Reliability, Fuel Economy and Range, Transmission, Brakes and Stopping, Suspension and Handling, Passenger Space, Cargo Capacity, Servicing Ease, Ergonomics, Economic Advantages, and Recommendations. R. Doc. 81-2, pgs. 8-12.  In contrast, Defendants' comparisons comprise completely different types of information in a completely different order: A Safer SUV for Slidell Drivers, Performance Drive, Interior Features, Recognition, Warranty Coverage, Power Train Coverage and Corrosion Warranty.  R. Doc. 81-2, pgs. 12-13.

numbers TX 8-760-971 and TX 8-761-015") and ¶ 29 ("DealerCMO has access to the Content and has, without authorization from Plaintiff Advanta-Star, made or had made infringing copies of the Content").[14]

Plaintiff's complaint pleaded a distinct specific cause of action based upon the alleged infringement of three vehicle comparisons allegedly protected by two copyright registrations. Plaintiff defined the scope of this action in its Complaint as alleged infringement of its '971 and '015 registrations only[15] and has repeatedly maintained during the course of this case only violation of those two registrations.  However, it now appears from Plaintiff's Opposition that there are portions of Plaintiff's three vehicle comparisons which were excluded from the '971 and '015 registrations at issue and are instead potentially protected by other, prior registrations. Defendants are entitled to judgment as a matter of law rejecting any claim by Plaintiff of infringement of prior registrations because such new claims are outside the scope of this action.

Moreover, Plaintiff failed to identify, in its prior pleadings, in its Opposition, or in any submitted summary judgment evidence (or at any point in discovery), what portions of the three asserted comparisons, if any, comprise the "new" (and not previously registered) content protected by the '971 and '015 registrations.  Plaintiff's failure to so identify the original and protectible portions of the three asserted comparisons results in Plaintiff failing to meet its burden of proving copyright infringement as a matter of law.  *See Automated Sols. Corp. v. Paragon Data Sys., Inc.*, 756 F.3d 504, 520 (6th Cir. 2014) (affirming the grant of summary judgment and dismissal of the copyright infringement claims and explaining that "[as] to whether ASC submitted sufficient evidence to show which portions of the [software] were original, and therefore subject to

---

[14]To the extent this court construes the new claims on different registrations as a request for leave to amend the complaint, such request should be denied.  The deadline to amend pleadings in the Court's pretrial scheduling order has passed, and plaintiffs have not shown anu good cause under F. Rule Civ. Proc. 16(b) to justify amendment.
[15] Amended Complaint R. Doc. 53, ¶ 20 and ¶ 29.

copyright, we also agree with the district court that ASC did not meet its burden."). "A copyright holder who fails to identify which portions of the copyrighted work were subject to copyright protection has thus failed to provide any basis by which a jury could determine that [the alleged infringer] infringed on anything." *Automated Sols. Corp.*, 756 F.3d at 512.

It appears that Plaintiff may have purposefully obscured the identification of the allegedly "new" portions of the three asserted comparisons which are allegedly protected by the '971 and '015 registrations <u>because none of the protected "new" content was copied by Defendants</u>. Exhibit A-1 filed herewith comprises Plaintiff's comparison for the 2018 Hyundai Sonata and the 2018 Toyota Camry. This 2018 comparison predates the 2019 comparisons at issue that Plaintiff alleges Defendants copied – thus, any similar content in the 2018 comparisons is not "new" and not protected by the '971 and '015 registrations by Plaintiff's own recent admissions. Comparing Exhibit A-1 to the portions of the 2019 Sonata/Camry comparisons that Plaintiff alleges that Defendants copied (*see* R. Doc. 81-2, pgs. 8-12), *every word* highlighted by Plaintiff appears in the 2018 comparisons. A review of Plaintiff's comparison for the 2018 Hyundai Tucson and the 2018 Nissan Rogue (*see* Exhibit A-2 filed herewith) in light of the portions of the 2019 Tucson/Rogue comparisons that Plaintiff alleges that Defendants copied (*see* R. Doc. 81-2, pgs. 23-29), similarly shows that none of the content that was allegedly copied by Defendants is protected by the '971 and '015 registrations. Thus, none of the content that Plaintiff alleges was copied by Defendants is "new" and protected by the '971 and '015 registrations, and Plaintiff's claims should be dismissed as a matter of law.

## II. Similarities Between the Comparisons are De Minimus – Plaintiff's Copyright Infringement Claim Fails as a Matter of Law

First, Plaintiff fails to cite any cases relating to "automated database" group registrations which is the relevant type of group registrations in the instant litigation. *See* R. Doc. 53-3 and 53-

4 ("Title of Work: Group registration for automated database titled Advanta-STAR Consumer research; published updates…").  Plaintiff cites *Sands v. Fan Fest News, LLC* and *Sands v. CBS Interactive, Inc*. – which addressed group registrations of photographs (not an automated database) – to support its claim that by submitting a single "group registration," the Copyright Office has conferred a separate registration on each and every work of the group.  In both cases, the courts considered, in the context of determining damages (and <u>not</u> in the context of de minimus use), whether infringement of multiple photographs registered as a group registration was a singular infringement or multiple infringements.  *See, e.g., Sands v. CBS Interactive, Inc*. 2019 WL 1447014, *6 (S.D.N.Y. 2019).  The *Sands* court, citing the Final Rule of the Copyright Office regarding "Group Registration of Photographs," found multiple infringements of the group work.  Specifically, the court relied on the specific language in the Final Rule stating "if the photographs are subsequently infringed, the copyright owner should be entitled to seek a separate award of statutory damages for each individual photograph."  *Id*.

Plaintiff's cases deal only with "Group Registrations of Photographs" <u>which are controlled by completely different rules and provisions than those controlling group registrations for Automated Databases</u>. *Compare* 83 FR 2542-01 ("Group Registration of Photographs") to 37 CFR 202.3(b)(5)("Group registration of related works: Automated databases.").  Plaintiff failed to cite any Final Rule regarding automated databases that is similar to the Final Rule for "Group Registration of Photographs."  Importantly, the Copyright Office Circular 34 relied upon by Plaintiff further <u>differentiates group photograph registrations from automated database registrations</u>.  *See* Copyright Circular 34 found at  <u>https://www.copyright.gov/circs/circ34.pdf</u> ("Note: A database is, by definition, a compilation of digital information. A group registration can cover new updates or revisions to <u>one database</u> during a specified time period. When the database

and its updates are registered as a group, the copyright owner is <u>entitled only to **one** award of statutory damages</u>.") (emphasis added).  Recall, the reasoning of the *Sands* case upon which Plaintiff analogizes its group argument was about determining the number of infringements – not de minimus use.

Exhibit B filed herewith is the Copyright Office's Circular 65 regarding "Copyright Registration for Automated Databases." As made clear in Circular 65, unlike the provision for Group Registration of Photographs (*see* Exhibit C – Circular 42 – Copyright Registration of Photographs - which provides for the group registration of separate photographs), the Group Registration for Automated Databases circular provides for a registration for "updates/revisions published over a period of up to 3 months" for a <u>singular</u> database.  *See* Exhibit B (emphasis added).

Thus, because Plaintiff obtained a registration for a singular "automated database" and its contents (or at least the "new" portions of the contents), it is proper in performing the de minimus analysis to compare the allegedly copied content with the database – and not just the three relevant vehicle comparisons.  As detailed in Defendants' original memorandum, any copying is so de minimus that it cannot rise to actionable infringement.

### III.   Plaintiff's DMCA Claim Fails as a Matter of Law

Plaintiff argues that, if Defendants are not entitled to summary judgment on Plaintiff's claim for copyright infringement, then they are likewise not entitled to summary judgment on Plaintiff's claim for violation of the Digital Millennium Copyright Act ("DMCA").[16] While it is true that if  Plaintiff's claim for copyright infringement fails, so too must its claim for violation of the DMCA; Defendants alternatively are entitled to summary judgment against the

---

[16] Opposition, pgs. 14-15.

DMCA action for a separate, additional and good reason.

As detailed in Section VIII of Defendants' Memorandum, the allegedly infringing comparisons are not copies of Plaintiff's comparisons. The DMCA only prohibits the distribution of an "original" or a "copy of a work" with removed, altered, or false copyright management information. 17 U.S.C. § 1202, *et seq*. Despite vague, new, conclusory, and unsupported allegations in the Opposition, Plaintiff does not actually assert Defendants wholly copied its registered work – rather Plaintiff claims that certain aspects and sentence fragments contained the same words.[17] Plaintiff's Opposition dismisses Defendants' argument by simply stating that Defendants' cases are inapposite. However, Plaintiff failed to explain how the cases are inapplicable. Plaintiff failed to cite any contrary authorities at all. Plaintiff has done nothing to distinguish or show inapplicable the several cases cited by Defendants,[18] which cases demonstrate the DMCA rule that preparation of a comparison based on another's work is not the same as removal of copyright management information from a copy or original and thus is not actionable.

Respectfully submitted,

/s/ Emily Lippold Gummer
Robert S. Stassi (La. Bar No. 25259)
Emily Gummer (La. Bar No. 33858)
CARVER DARDEN KORETZKY TESSIER
FINN BLOSSMAN & AREAUX LLC
1100 Poydras St., Suite 3100
New Orleans, LA 70163
Telephone: (504) 585-3800
Facsimile: (504) 585-3801

Counsel for Defendants

---

[17] Plaintiff highlighted in yellow the specific allegedly infringing words at Ex. B-2 to R. Doc. 70-12, pgs. 5-10. Later, Plaintiff highlighted in blue the specific allegedly infringing words at Exs. A, B and C to R. Doc. 81-2.

[18] *Design Basics, LLC v. WK Olson Architects, Inc*., 2019 WL 527535, *5 (N.D. Ill. Feb. 2, 2019) ("Here, Plaintiffs do not allege WK Olson directly reproduced their plans without CMI. Instead, they contend that WK Olson copied **aspects** of its original works, with WK Olson's plans appearing "virtually identical" to those of Plaintiffs. '[B]asing a drawing on another's work is not the same as removing copyright management information'" however.") (emphasis added); *Frost-Tsuji Architects v. Highway Inn, Inc*., 2014 WL 5798282, *5, 7 (D. Haw.  Nov. 7, 2014); *Faulkner Press, L.L.C. v. Class Notes, L.L.C*., 756 F. Supp. 2d 1352, 1359 (N.D. Fla. 2010).

<u>Certificate of Service</u>

I certify that December 14, 2021, I electronically filed this memorandum with the clerk of court by using the CM/ECF system, which will send a notice of electronic filing to all parties and counsel who are Filing Users, and that service was accomplished this date on any party or counsel who is not a Filing User in accordance with the Federal Rules of Civil Procedure and the local rules.

<u>/s/ Emily Lippold Gummer</u>

4855-9126-2470, v. 5